

*Plaintiff, OSBERT OKEBATA*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **OSBERT OKEBATA**<br>13501 Laketree Drive<br>Chester, VA 23831 | : | CIVIL ACTION |
| **Plaintiff**<br>v. | : | No. 3:22cv050 |
| **DEPARTMENT OF DEFENSE**<br>1300 E. Avenue<br>Fort Lee, VA 23801<br>and<br>**LLOYD J. AUSTIN III, SECRETARY OF DEFENSE**<br>1300 E. Avenue<br>Fort Lee, VA 23801<br>and<br>**CARL BOZEMAN**<br>10425 Crooked Branch Terrace<br>North Chesterfield, VA 23237<br>**Defendants** | : | JURY TRIAL DEMANDED |

### CIVIL ACTION COMPLAINT

### INTRODUCTION

1. This action for equitable, monetary and other relief is brought by Plaintiff, Osbert Okebata, hereinafter ("Plaintiff") to redress intentional violations by Defendants, DEPARTMENT ON DEFENSE, and LLOYD J. AUSTIN III SECRETARY OF DEFENSE, and CARL BOZEMAN, of rights secured by the laws of the United States and the statutory law of the State of Virginia.

## **JURISDICTION AND VENUE**

2. This action is brought pursuant to the Title VII of the Civil Rights Act of 1964, as amended 1991, 42 U.S.C. Section 2000e, et seq., the Age Discrimination in Employment Act of 1967 (ADEA), as amended, and the Rehabilitation Act of 1973, as amended.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

4. Plaintiff properly exhausted his administrative remedies. Plaintiff requested EEO Counseling on January 15, 2021. Plaintiff filed a Formal Complaint of Discrimination on May 21, 2021 with the Department of Defense, a United States agency. The Final Agency Decision was forwarded to Plaintiff on November 1, 2021.

5. This suit is timely filed.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, rendering Defendant a citizen of the Eastern District of Virginia.

## PARTIES

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant, LLOYD J. AUSTIN III, SECRETARY OF DEPARTMENT OF DEFENSE, is the agent for the DEPARTMENT OF DEFENSE, a government entity located in Fort Lee, Virginia. At all times relevant, Defendant is an employer within the meaning of the applicable legislation cited herein.

9. Defendant, DEPARTMENT OF DEFENSE, is a government entity located in Fort Lee, Virginia. At all times relevant, Defendant is an employer within the meaning of the applicable legislation cited herein.

10. Defendant, CARL BOZEMAN, is a Branch Chief at the Department of Defense.

11. At all times material hereto, Defendant acted by and through its authorized agents, servants, workers and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant, and in furtherance of Defendant's business.

## FACTUAL BACKGROUND

12. Plaintiff incorporates the foregoing paragraphs as though each were fully set forth herein.

13. Plaintiff has worked for the Department of Defense since July 20, 2018 and has been in federal government for eighteen years.

14. Plaintiff is a military veteran.

15. Plaintiff is diagnosed with Post-Traumatic Stress Disorder (PTSD), a disability. He also suffers from diabetes and hypertension.

16. Plaintiff is a Human Resource Specialist, GS-12. His salary is approximately $96,000 per year.

17. Plaintiff is a native of Nigeria, and identifies as Black.

18. Plaintiff is over forty (40) years of age.

19. On or about January 11, 2021, Plaintiff emailed his supervisor, Carl Bozeman, Branch Chief, asking for a leave in advance, which was previously designated "use-or-lose" time, by the Secretary of Defense, to commence on January 15, 2021. (Exhibit "A")

20. On the same day, Carl Bozeman was made aware of a grievance Plaintiff filed against him to address the inequitable working conditions he was under as opposed to similarly situated employees.

21. Although Bozeman was already aware of the type of leave, instead of engaging Plaintiff to ask what leave it was, Bozeman denied it outright and immediately, citing "staffing issues." (See Exhibit "A")

22. Although there had been staffing issues since the onset of COVID-19, and prior, there were no new staffing issues that would have prevented Plaintiff from taking leave.

23. Once Plaintiff demonstrated that to Bozeman, Bozeman requested documentation of a disability.

24. This request was unnecessary, as Bozeman was aware that Plaintiff was asking for use-or-lose time.

25. Plaintiff stated as such and copied Dorna Clark, Division Branch Chief, on the stream of emails. (See Exhibit "A," page 3)

26. Plaintiff then asked for 1.75 hours leave, as symptoms from his illness, Post-Traumatic Stress Disorder, were flaring due to work-related stress.

27. Plaintiff stated he could no longer do his job that day and needed to leave the workplace facility for a mere few hours.

28. Even at that point, Bozeman asked Plaintiff for a signed letter from his physician with diagnosis and prognosis information.

29. Although Plaintiff was not initially asking for reasonable accommodation, Bozeman, on January 12, 2021, knowing that Plaintiff needed to leave, took it upon himself to share Plaintiff's private medical information with another individual without permission or consent, under the guise of "continuing the reasonable accommodation process."

30. Plaintiff was forced to leave the facility on January 12, 2021 due to symptoms of his condition and reported to the hospital.

31. Although Bozeman was aware that Plaintiff reported to the hospital, Plaintiff was wrongfully charged absent without leave (AWOL) in lieu of annual or sick leave, from January 13th to January 15, 2021.

32. Bozeman knew that Plaintiff was in the hospital, but charged him with AWOL leave, resulting in Plaintiff going without pay.

33. Plaintiff was not paid for approximately three weeks.

34. When Plaintiff produced further medical documentation, including a physician's recommendation of work restriction for 3 weeks, Plaintiff was charged annual leave as opposed to being given sick leave.

35. The decision to grant leave pursuant to the purported "reasonable accommodation" process imposed by Bozeman was not approved until May, 2021.

36. This is a direct violation of the Department of Defense's Procedure for Providing Reasonable Accommodations for Individuals with Disabilities, DECAM 55-3.1, Section 3.2 (b) "Time Limits," and (c) and (d). (Exhibit B)

37. To add insult to injury, on or about February 12, 2021, Bozeman made comments in violation of the ADA, such as "you are not sick" when informed of Plaintiff's chronic illnesses.

38. On March 24, 2021, Plaintiff again asked for leave due to symptoms of his illness, but Bozeman required more documentation.

39. Bozeman already had documentation of Plaintiff's illness.

40. Bozeman, knowing that Plaintiff's home is not conducive to telework, demanded that he do telework at home, and threatened "disciplinary action."

41. Bozeman should have instead offered liberal leave, as it was his obligation to offer an alternate option.

42. According to DeCA leave policy, section 3.1 a, "denial or cancellation of leave is not disciplinary in character and may not be used as a punitive measure.

Managers must consider the needs of DeCA and the welfare of employees." (Exhibit C)

43. Bozeman did not consider the needs or the welfare of Plaintiff, and instead used the failure to grant leave as a form of punishment for Plaintiff.

44. For the leave that Defendants did approve, Plaintiff was charged annual leave.

45. However, Defendants have afforded millions of dollars in administrative leave to other similarly situated white employees who, like Plaintiff, have high-risk conditions under COVID-19 policies.

46. One of the employees has been out of the office since September, 2021.

47. As stated above, Plaintiff filed a Notice of Discrimination on May 21, 2021.

48. Bozeman did not participate in the interviews requested by DeCA.

49. However, he continued to bully and harass Plaintiff.

50. Plaintiff has asked to be transferred away from his supervisor, to no avail.

51. On January 26, 2022, in a meeting where Plaintiff was present, Carl Bozeman stated "Persons with PTSD should not work for the government."

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

52. Plaintiff incorporates by reference the foregoing paragraphs as though each were fully set forth herein.

53. Title VII of the Civil Rights Act of 1964 prohibits discrimination against employees on the basis of race and on the basis of national origin.

54. As set forth above, Plaintiff is a member of a protected class, as he is Black.

55. Plaintiff is also a member of a protected class as he is of Nigerian origin.

56. As set forth above, Plaintiff suffered adverse employment action from Defendants in that although he requested leave and was forced to leave due to his condition, he was charged with being AWOL instead of being given administrative leave, as his similarly situated colleagues had been given for several months.

57. Plaintiff was held to different terms of his leave because of his race and/or national origin.

58. As a direct and proximate result of Defendants' violations, Plaintiff has suffered and will continue to suffer a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, emotional anguish, loss of life's pleasures, and the cost of attorney's fees and litigation costs.

**COUNT II**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT("ADEA") and REHABILITATION ACT**
**(Refusal to Accommodate)**

59. Plaintiff incorporates by reference the foregoing paragraphs as though each were fully set forth herein.

60. Defendant DEPARTMENT OF DEFENSE had fifteen (15) or more employees during the time in question.

61. Plaintiff has and continues to suffer from a qualifying disability under the ADEA because he is diagnosed with Post-Traumatic Stress Disorder.

62. Plaintiff's disability affects the major life activity of concentrating, thinking and working.

63. However, at all relevant times herein, Plaintiff could have performed all of his job functions with or without the accommodations he requested.

64. Plaintiff believes that his leave requests were reasonable requests for accommodation.

65. Defendant Department of Defense and Secretary of Department of Defense, by way of their employee, Carl Bozeman, refused to accommodate Plaintiff in violation of the ADA.

66. As a direct and proximate result of Defendants' violations, Plaintiff has suffered and will continue to suffer a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, emotional anguish, loss of life's pleasures, and the cost of attorney's fees and litigation costs.

<u>**COUNT III**</u>
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**(Harassment)**

67. Plaintiff incorporates by reference the foregoing paragraphs as though each were fully set forth herein.

68. As detailed above, Defendant Bozeman, after finding out that plaintiff filed a grievance against him, denied Plaintiff leave.

69. Further, after finding out that Plaintiff reported to the hospital with symptoms of his illness, Bozeman charged him with being AWOL.

70. As detailed above, Bozeman demeaned Plaintiff's condition and mocked him.

71. Bozeman threatened disciplinary action if Plaintiff refused to telework.

72. Bozeman, Plaintiff's supervisor, is in a unique position of power over Plaintiff's employment and career.

73. Bozeman's conduct went well beyond simple teasing.

74. Although Plaintiff filed a grievance and reported Bozeman's conduct in his formal complaint, Defendants Department of Defense and Lloyd J. Austin allowed the conduct to continue.

75. Bozeman even stated in a staff meeting that persons with Plaintiff's condition "should not work for the government."

76. Bozeman's conduct in harassing Plaintiff, and Department of Defense and Lloyd J. Austin's inaction in allowing the harassment to continue, was done with malice or with reckless indifference to Plaintiff's federally-protected rights.

77. Plaintiff incorporates by reference the foregoing paragraphs as though each were fully set forth herein.

78. As a direct and proximate result of Defendant's violation, Plaintiff has suffered and will continue to suffer a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, emotional anguish, loss of life's pleasures, and the cost of attorney's fees and litigation costs.

**WHEREFORE**, Plaintiff, Osbert Okebata, demands judgment in his favor and against all Defendants, and seeks relief as follows:

A. Defendants are to be prohibited from violating the policy they claim to implement.

B. Defendants are to be prohibited from the practice or custom of discriminating against employees and is to be ordered to promulgate an effective policy against such unlawful acts to and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal conduct, including, but not limited to, past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, seniority, promotions, and pension. Plaintiff should be made whole by receiving the benefits illegally withheld from the date he first suffered discrimination until the date of verdict;

C. Plaintiff is to be awarded punitive or liquidated damages, as permitted by applicable law (s) alleged asserted herein, in an amount appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers and managers from engaging in such misconduct in the future;

D. Plaintiff is to be awarded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress (as permitted under applicable law(s) asserted herein);

D. Plaintiff is to be awarded attorney's fees, expert witness fees and other costs of the action as provided by applicable federal and state law; and

F. The grant of such other relief as the Court deems just and appropriate.

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38 (b).

Respectfully submitted,

*Osbert Okebata*
OSBERT OKEBATA, Plaintiff

Dated: 01-28-2022